IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ELITE EXTERIORS, LLC and JOSE FELIPE POMAQUIZA,<br><br>Defendants. | No. 20-cv-01905<br><br>Judge John F. Kness |

ORDER

Plaintiff's motion for default judgment [20] as to Defendant Elite Exteriors, LLC is granted. Final judgment is entered in favor of Plaintiff First Mercury Insurance Company and against Defendant Elite Exteriors, LLC. See accompanying Statement for details. Enter separate final judgment order. On January 7, 2021, Plaintiff and Defendant Pomaquiza filed a jointly signed "Notice of Dismissal" [37] explaining that they jointly stipulate to the dismissal of this action without prejudice. Accordingly, the case is dismissed as to Defendant Pomaquiza without prejudice in accordance with the terms of the parties' stipulation and by operation of Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. *See Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011) (Rule 41(a)(1)(A) notice of dismissal "is self-executing and effective without further action from the court"). Civil case terminated.

STATEMENT

**Background**

Plaintiff First Mercury Insurance Company, an insurer, seeks a declaration that it has neither a duty to defend nor to indemnify Defendant Elite Exteriors, LLC ("Elite") in an underlying state court action. Plaintiff filed this declaratory judgment action on March 20, 2020. Dkt. 1. On August 25, 2020, Plaintiff moved for entry of default against Elite under Rule 55(a) of the Federal Rules of Civil Procedure. Dkt. 16. Because Elite never filed an answer or otherwise responded to the complaint, the Court entered a default on August 27, 2020. Dkt. 17. On September 10, 2020, Plaintiff

filed the present motion for default judgment. Dkt. 20. The Court ordered Plaintiff to serve copies of the motion for default judgment on Elite and to file proof of service, which Plaintiff did on October 27, 2020. Dkt. 23.

Shortly thereafter, on November 3, 2020, Defendant Elite appeared in this action for the first time moved to vacate the default. Dkt. 24, 25. As discussed in open court at the status hearing on November 24, 2020, however, Defendant Elite voluntarily withdrew that motion. Dkt. 32. The Court then set a briefing schedule on Plaintiff's motion for default judgment. *Id*.

Rather than filing a response brief in opposition to Plaintiff's motion for default judgment, Elite filed a "Memorandum to Stay Default and to Resolve Fees and Costs," which it purported to submit "in conjunction with its Motion to Vacate." Dkt. 33. By that point, however, Elite had already voluntarily withdrawn its motion to vacate, as described above. Accordingly, the Court will disregard any arguments in Elite's memorandum that purport to support a motion to vacate, as no such motion was properly before the Court at the time the memorandum was filed. Plaintiff's motion for default judgment is now fully briefed and ready for the Court's review.

**Legal Standard**

Rule 12(a) of the Federal Rules of Civil Procedure generally requires a defendant to file an answer within 21 days after the service of the summons and complaint. The failure to do so may result in the defendant's default under Rule 55(a). When a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). An entry of default must precede a default judgment. *See* Fed. R. Civ. P. 55(b). Upon the entry of default, the "well-pled allegations of the complaint relating to liability are taken as true. . . ." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied").[1] Entry of default judgment is left to the sound discretion of the district court. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983); *see also C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984) (although the law favors trial on the

---

[1] A motion for default judgment ordinarily cannot be resolved without a hearing where the moving party seeks damages that are not readily susceptible of quantification through review of the written submissions. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). In this case, however, Plaintiff does not seek damages—only a declaration of rights. Accordingly, the motion for default judgment can be resolved without the need to hold a hearing.

2

merits, these considerations must be balanced against the need to promote efficient litigation and to protect the interests of all litigants).

**Discussion**

Defendant Elite failed to file an answer within 21 days of service of the complaint and is in default. Although Elite eventually appeared in the action, *see* Dkt. 24, and filed a motion to vacate the default, *see* Dkt. 25, it has since voluntarily withdrawn that motion. Dkt. 32. As a result, Elite remains in default, and the Court must accept as true the well-pleaded allegations of Plaintiff's complaint concerning liability. *See Wehrs*, 688 F.3d at 892.

Plaintiff alleges that, on September 3, 2019, Jose Pomaquiza, a now-dismissed Defendant in this action, filed a lawsuit against Elite in the Circuit Court of Cook County, Illinois. Dkt 1, Complaint ("Compl.") ¶ 13. In that underlying action, Pomaquiza asserts claims for negligence and premises liability stemming from a July 2018 workplace accident in which Pomaquiza allegedly suffered "severe and permanent injuries" after falling from a roof at a construction site managed by Elite. *Id.* ¶¶ 14, 22. At the time of the accident, Pomaquiza was an employee of Arizaga Construction, Inc. ("Arizaga"). *Id.* ¶ 42. Plaintiff alleges that Arizaga is "the same entity" as N Castro, Inc. ("N Castro"), a subcontractor with whom Elite had entered into a subcontract agreement to perform work at the construction site. *Id.* ¶¶ 43, 46.

At the time of the accident, Elite held a commercial insurance policy (the "Policy") with Plaintiff. *Id.* ¶ 30. The Policy included coverage for "bodily injury" that occurred at the "coverage territory" during the policy period. *Id.* ¶ 31. The Policy contained an exclusion provision, however, that stated the "bodily injury" coverage did not extend to "[a]ny independent contractor or subcontractor performing work directly or indirectly on behalf of [Elite]" or to any employee of any such contractor or subcontractor. *Id.* ¶ 32. The Policy further stated that this exclusion provision did not apply if four listed conditions were all met. *Id.* Plaintiff alleges that two of these conditions were not met, thus precluding the application of the exception to the exclusion provision. First, N Castro did not waive any right of subrogation that it may have had against Elite in connection with Pomaquiza's injuries. *Id.* ¶ 44. Second, the relevant subcontract agreement did not require Elite to be named as an additional insured under the subcontractor's commercial general liability coverage. *Id.* ¶ 45.

Elite made a claim seeking a defense and indemnity from Plaintiff under the Policy in connection for the claims asserted against it in the underlying action. *Id.* ¶ 34. Plaintiff denied the claim and disclaimed any obligation from defending or indemnifying Elite in that action. *Id.* ¶ 35. Plaintiff subsequently brought this action and seeks a declaration that it "owes no duty under the Policy to defend or indemnify Elite Exteriors with respect to the claims asserted against it in the Underlying Action." *Id.* ¶ 48.

      To summarize, Pomaquiza was a construction worker employed by Elite's subcontractor at the time of his injury. The Policy did not cover bodily injury to employees of subcontractors unless four specific conditions were met. Plaintiff argues that two of these conditions were not met and thus that the exclusion to the Policy's "bodily injury" coverage applies. Dkt. 20 at 12.

      Because the Court must accept these well-pleaded allegations as true, Plaintiff has established that is has neither a duty to defend nor indemnify Elite in the underlying state court action. Plaintiff is entitled to a declaration to that effect. Judgment is therefore entered in favor of Plaintiff and against Elite. A separate judgment order will be entered. Civil case terminated.

SO ORDERED.

Date: January 28, 2021

                                                JOHN F. KNESS
                                                United States District Judge